IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CAPITAL CENTRE, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB 04-182 |
| DANIEL R. WILKINSON, SR., | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

After a four-day trial in this matter, the Jury issued a verdict in favor of Capital Centre, LLC ("Plaintiff") and awarded Plaintiff $184,446.81 in compensatory damages. The Jury only reached a verdict with respect to Count I of Plaintiff's two-count Complaint and, following the trial, Plaintiff moved to dismiss Count II. Currently pending before this Court is Plaintiff's Motion for Determination of Damages and Entry of Judgment. Plaintiff requests attorneys' fees and litigation expenses in the amount of $314,856.00. Plaintiff also requests that this Court award Plaintiff compensatory damages in the amount of $412,501.37, which would require that this Court revise the Jury's determination with respect to damages. In response, Defendant Daniel R. Wilkinson, Sr. ("Defendant"), while not directly opposing an award of attorneys' fees and costs, argues that the fees and costs sought by Plaintiff are excessive. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For reasons stated below, Plaintiff's Motion for Determination of Damages and Entry of Judgment is GRANTED-IN-PART and DENIED-IN-PART. As a result, judgment will be entered in Plaintiff's favor in the amount of $499,302.81, of which $314,856.00 is awarded as reasonable attorneys' fees and costs. The Jury's verdict of $184,446.81 in compensatory

damages arising out of Plaintiff's breach of contract claim is AFFIRMED and this Court will not revise this verdict.

## BACKGROUND

The factual background and procedural history of this case are described in prior Opinions issued by this Court and will not be repeated here.  *See* Mem. Opinion, 8/4/04 (denying Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6));  Mem. Opinion, 2/11/05 (denying Plaintiff's motion to strike Defendant's demand for a jury trial); Mem. Opinion, 3/27/06 (denying-in-part and granting-in-part the parties' cross-motions for summary judgment); Mem. Opinion, 8/10/06 (denying Plaintiff's motion to amend complaint).

This Court conducted a four-day trial in this matter on September 11-15, 2006.  On September 15, 2006, the Jury returned a verdict in Plaintiff's favor and awarded compensatory damages in the amount of $184,446.81.  (*See* Paper No. 110.)  As discussed immediately following the trial on September 15, 2006 and during a teleconference conducted by this Court on September 19, 2006, judgment was not entered until this Court resolved the matters of attorneys' fees and proposed amendments to the Jury's decision regarding damages.  *See*, *e.g.*, Letter Order, 9/20/06.  On September 25, 2006, Plaintiff filed its Motion for Determination of Damages and Entry of Judgment.  (Paper No. 112.)

## DISCUSSION

**I.     The Complaint and Jury Verdict.**

Plaintiff's Complaint asserts two causes of action against Defendant.  In Count I, Plaintiff alleges that Defendant is personally liable as the guarantor of a lease agreement between Plaintiff and A Big Daddy Joint, LLC (the "Lease").  (*See* Compl. ¶¶ 10-12.)  As noted in a prior

Opinion, this cause of action has two components: (1) the Lease was breached by A Big Daddy Joint, LLC; and (2) Defendant is personally bound by the terms of the guaranty that is attached to the Lease (the "Guaranty").  In Count II, Plaintiff contends that Defendant is personally liable for negligent misrepresentations that were allegedly made to Plaintiff during negotiations for the Lease.  (Compl. ¶¶ 13-14.)

The verdict issued by the Jury only applies to Count I of the Complaint.  (*See* Paper No. 110 (verdict form memorializing Jury's finding "that the lease at issue was breached and that Defendant Wilkinson is personally liable for that breach"); *see also* Jury Instruction Nos. 19-24 (substantive instructions on Count I).)  The Jury did not reach a verdict on Count II, which Plaintiff has since requested be dismissed as moot and withdrawn.  (*See* Paper No. 110 (verdict form)); *see also* Discussion *infra* § IV (granting Plaintiff's motion to dismiss Count II).

## II.     Attorneys' Fees and Costs.

### A.     Procedural Posture.

As a preliminary matter, this Court must address the procedural posture of Plaintiff's claim for attorneys' fees and litigation expenses.  Defendant argues that Plaintiff waived its right to seek attorneys' fees and costs by failing to move under the appropriate rule:

> [P]laintiff has chosen not to move for attorneys' fees and costs under Fed. R. Civ. P. 54(d)(2), rather opting to move under Rule 58(d). Rule 58 governs requests for entry of judgment, not motions for attorney fees. Thus, plaintiff has relied on an improper rule. Moving under the wrong procedural rule should bar plaintiff's request for attorneys' fees.

(Def.'s Opp. p. 7.)  This argument fails for three reasons.  First, Plaintiff does not "rely" on Rule

3

58(d) to support its request for attorneys' fees and costs.[1] Instead, as explained in detail below, Plaintiff bases that request on the relevant provision of the guaranty that is attached to the Lease (the "Guaranty"). (*See* Pl.'s Mem. pp. 1-2.) Plaintiff relies on Rule 58 to request that this Court "embody its judgment on a separate document. . . ." (*Id*. at p. 12.)

Second, the parties in this case agreed to bifurcate these proceedings by submitting the issue of liability to the Jury, and reserving the matter of attorneys' fees and costs for this Court. (*See* Letter Order, 4/27/06 ("[C]ounsel have agreed to *bifurcate the proceedings* in this case. The matter of attorney's fees will await the determination of liability in this case.") (emphasis added); Amendment to Pre-Trial Order, 9/11/06 (Providing that "the matter of attorney's fees and costs will be determined by this Court *after* liability has been determined by the Jury in the trial of this matter.") (emphasis added).) As a result, the first stage of these proceedings ended on September 15, 2006, when the Jury determined that Defendant is liable for the Guaranty, and the second stage began on September 25, 2006, when Plaintiff submitted the pending motion attorneys' fees and litigation expenses.[2]

Third, Plaintiff has appropriately moved for attorneys' fees and costs based on the relevant contract between the parties, *i.e.*, the Guaranty. The Federal Rules of Civil Procedure

---

[1] Fed. R. Civ. P. 58(d) provides that "[a] party may request that judgment be set forth on a separate document as required by Rule 58(a)(1)."

[2] *See also* Fed. R. Civ. P. 42(b) (granting district courts authority to order separate trials of any claims or issues "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy"); *Capital Asset Research Corp. v. Finnegan*, 216 F.3d 1268, 1271 (11th Cir. 2000) (Affirming award of attorneys' fees in part because the parties "agreed during the trial of this matter, and the court consented, to the bifurcation of attorneys' fees for later hearing.") (citation and internal quotation marks omitted).

distinguish between *substantive* and *collateral* claims for attorneys' fees.[3]  If the claim is substantive, then attorneys' fees are an element of damages to be proven at trial.   If the claim is collateral, then the request for attorneys' fees must be determined after the underlying causes of action have been resolved.  This distinction matters because a judgment with respect to a cause of action involving a substantive claim for attorneys' fees does *not* become final until the claim for attorneys' fees has been resolved.  *See* Fed. R. Civ. P. 58(c) (providing that "[e]ntry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees, except" that "[w]hen a timely motion for attorney fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and has become effective to order that the motion [delay the time for appeal]); *see also Carolina Power*, 415 F.3d at 359 (noting that "an unresolved claim for *substantive* attorneys fees under the complaint *does* prevent the entry of judgment") (emphasis in original).

In this case, Plaintiff's request for attorneys' fees and related costs is substantive, not collateral.  The Guaranty provides that Plaintiff is entitled to "any and all costs and expenses, including reasonable attorneys' fees, which may be incurred by Landlord in connection with any default by Tenant under the Lease or enforcing the Lease and/or this Guaranty. . . ."   (Pl.'s Tr. Ex. 8 at 000071.)   Under this provision, the condition precedent to recovering attorneys' fees is an event of default by the tenant, not the successful litigation of the breach of contract claim by

---

[3]     *See*, *e.g.*, Fed. R. Civ. P. 54(d)(2)(A) ("Claims for attorneys' fees . . . shall be made by motion *unless* the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.") (emphasis added); *Carolina Power and Light v. Dynegy Mktg*, 415 F.3d 354, 358 (4th Cir. 2005) (noting that Rule 54(d)(2)(A) distinguishes "claims that are an element of damages, which presumably must be made by complaint" from "claims that are not part of the underlying substantive claim, which must be made by motion").

Plaintiff.  *Cf. Carolina Power*, 415 F.3d at 359 (finding that a similar attorneys' fees provision is substantive in part because "the condition precedent to recovering legal costs is a breach of contract by the buyer, not the successful litigation of a claim by the seller").  In addition, Plaintiff's right to recover attorneys' fees arises as soon as the tenant defaults under the Lease. *Cf. Carolina Power*, 415 F.3d at 359 (explaining that a collateral claim for attorneys' fees "does not accrue until the litigation is actually brought" whereas a substantive claim for attorneys fees "arises as soon as [the condition precedent is satisfied]").

In sum, this Court rejects Defendant's argument that Plaintiff waived its right to seek attorneys' fees and litigation expenses pursuant to the Guaranty.  In this case, the parties agreed that the issue of attorneys' fees and costs to this Court would not be addressed until *after* the Jury resolved various factual disputes for purposes of determining liability.  The parties also agreed that the matter of attorneys' fees and costs would be submitted to this Court for resolution.  In accord with that agreement, Plaintiff appropriately moved for attorneys' fees shortly after the Jury issued its verdict, and did so based on the relevant provision of the Guaranty.  As a result, there is simply no basis for concluding that Plaintiff waived its right to seek attorneys' fees and costs.

### B. Plaintiff's Request.

Plaintiff requests attorneys' fees and litigation expenses in the amount of $314,856.00, of which $284,008.27 represents attorneys' fees and $30,847.73 represents litigation expenses.[4]

---

[4]  Plaintiff initially requested $315,000.00 in attorneys' fees and costs. (*See* Pl.'s Mem. p. 3.)  However, Plaintiff acknowledged in its reply brief that Defendant correctly identified an error in the amount of $144.00. (*See* Pl.'s Reply p. 16; *see also* Def.'s Opp. p. 11.) Adjusting Plaintiff's initial calculation to account for this error results in requested attorneys' fees and costs in the amount of $314,856.00.

(*See* Pl.'s Mem. Exs. A-B; Pl.'s Reply p. 16.)  For reasons explained below, this Court finds that the fees and costs requested by Plaintiff are reasonable and should be recovered pursuant to the Guaranty.

As the source of this Court's jurisdiction over this case is based on diversity of citizenship, the principles set forth in *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) require application of the law of the State of Maryland to questions of substantive law.[5]  In Maryland, a claim for attorneys' fees and litigation expenses is evaluated based on whether the fees and costs claimed are "reasonable."  *Allfirst Bank v. Dep't of Health and Mental Hygiene*, 780 A.2d 440, 446 (Md. Ct. Spec. App. 2001).  As the Maryland Court of Special Appeals has noted:

> In circumstances in which attorneys' fees are awarded based on a contractual right, the losing party is "entitled to have the amount of fees and expenses proven with the certainty and under the standards ordinarily applicable for proof of contractual damages."

*Maxima Corp. v. 6933 Arlington Development Ltd. Partnership*, 641 A.2d 977, 982 (Md. Ct. Spec. App. 1994) (quoting *Bankers and Shippers Ins. Co. v. Electro Enter., Inc.*, 415 A.2d 278, 289 (Md. 1980)).

Maryland courts typically consider the factors set forth in Rule 1.5 of the Maryland Lawyers' Rule of Professional Conduct when evaluating a request for attorneys' fees.  Those factors include: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if

---

[5] In this case, Plaintiff's claim for attorneys' fees and costs is based on the relevant provisions of the Guaranty and Maryland law.  (*See* Pl.'s Tr. Ex. 8 at 000070 (providing that the Guaranty "shall be governed by and construed in accordance with the laws of the State of Maryland applicable to agreements made and to be wholly performed within the State of Maryland").)

apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.  *See*, *e.g.*, *Somuah v. Flachs*, 721 A.2d 680, 691-92 (Md. 1998) (applying the above factors to determine the reasonable value of services of a discharged attorney); *B & P Enters. v. Overland Equip. Co.*, 758 A.2d 1026, 1048-49 (Md. Ct. Spec. App. 2000) (applying the above factors to determine attorneys' fees in a contract case).

Putting aside Defendant's argument that Plaintiff waived its right to seek attorneys' fees for procedural reasons, Defendant does not dispute that Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the Guaranty.  As Defendant points out:

> This is a fairly straightforward breach of contract action.  There was no dispute that A Big Daddy Joint LLC did not perform under the lease.  The only issue was whether defendant was personally liable for damages resulting from that breach.

(Def's Opp. p. 8.)  After taking issue with aspects of the fees and costs requested by Plaintiff, moreover, Defendant concludes that "[t]he Court should enter judgment in the amount of $184,446.81, *plus attorneys' fees and costs* not to exceed the amount of the jury verdict."  (*Id*. at p. 13 (emphasis added).)

After reviewing the papers submitted by the parties, this Court finds that the attorneys' fees and costs requested by Plaintiff are reasonable and should be recovered pursuant to the Guaranty.  First, this Court finds that the hourly rates charged by Plaintiff's counsel are

reasonable. For example, Plaintiff's trial counsel—who spent more time on this matter than any other member of Plaintiff's legal team—has been a member of the Maryland Bar since 1974 and charged $220 per hour in 2003 and 2004, and $275 per hour starting in 2005. (*See* Pl.'s Mem. p. 9 & Ex. 2.) These rates are consistent with rates charged by similarly qualified attorneys in this District.[6] The other members of Plaintiff's legal team include a partner who has been a member of the Maryland Bar since 1980, two associates who were admitted to the bar in 1996 and 1992, and three legal assistants. The rates charged with respect to these individuals—who spent significantly less time on this matter than Plaintiff's trial counsel—are also consistent with rates charged by similarly qualified attorneys and legal assistants in this District.[7]

Second, this Court finds that the bills for legal services submitted by Plaintiff's counsel are reasonable. Those bills provide detailed descriptions, including time spent and value assigned, for each task performed by Plaintiff's legal team. Moreover, the tasks and services performed are reasonable given the specific claims, disputes, and conduct by the parties in this case. The expenses incurred by Plaintiff were accumulated over a three-year period—from October 2003 to October 2006—in a matter that was vigorously litigated by both parties and involved a number of discovery disputes.[8] *See*, *e.g.* Mem. Opinion, 3/27/06, pp. 6 & 22-23.

---

[6] This rate is within the guidelines used by this Court to evaluate requests for attorney's fees in the context of certain federal civil rights and discrimination cases. *See* Local Rules, App. B (Rules and Guidelines for Determining Lodestar Attorneys' Fees) (D. Md. 2004) (providing "$200-275" as "guidelines regarding hourly rates" for "lawyers admitted to the bar for more than eight years.").

[7] *See* Guidelines for Determining Lodestar Attorneys' Fees (providing "$150-225" as "guidelines regarding hourly rates" for "lawyers admitted to the bar for five to eight years." and "$90" as the "guidelines[] regarding hourly rates" for "paralegals and law clerks.").

[8] One discovery dispute resulted in sanctions against Defendant. Specifically, this Court ordered that Defendant "is barred from offering damages evidence with respect to his

Notably, the amount of damages sought by Plaintiff decreased as this litigation progressed because Plaintiff was able to mitigate the damages arising out of the breach of the Lease by securing replacement tenants.[9] As a result, this Court does not find that the requested attorneys' fees and costs are unreasonable in light of the result that Plaintiff achieved at trial. Had Plaintiff experienced difficulty securing replacement tenants, it clearly would have sought, and may well have been awarded, greater damages. Finally, the specific fees and expenses requested by Plaintiff are reasonable in light of the factors typically considered by Maryland Courts. *See Somuah* 721 A.2d at 691-92; *B & P Enters.*, 758 A.2d at 1048-49.

This Court rejects Defendant's arguments regarding the specific fees and costs sought by Plaintiff, including Defendant's objections based on allegedly excessive fees, filing multiple motions on the same issue, "top heavy staffing", and expenses incurred in connection with the Castle Security Group. (*See* Def.'s Opp. pp. 9-12; *see also* Pl.'s Reply pp. 15-17.) These arguments are not based on a fair analysis of the itemized bills and expense reports submitted by Plaintiff and, in many cases, can be directly traced to Defendant's conduct in this matter. For example, Defendant asserts that Plaintiff "repeatedly required the Court and defendant's counsel to address [defendant's jury demand]" in motion practice. (Def.'s Opp. p. 9.) Defendant refers to the fact that Plaintiff moved to strike Defendant's jury demand on three occasions: first, in a Motion to Strike Jury Trial Prayer, (*see* Paper No. 17); second, in a Renewed Motion to Strike Jury Trial Prayer, (*see* Paper No. 52); and, finally, in a Motion for Summary Judgment (*see*

---

counterclaim as a result of his failure to comply with the Court's Order of April 26, 2005, that he provide a responsive answer to an interrogatory on counterclaim damages." (Paper No. 79.)

[9]    Plaintiff initially sought approximately $31,500,000 in damages. (*See* Compl. ¶ 12.) At trial, Plaintiff only requested $424,949.15 in damages.

Paper No. 66). Defendant neglects to point out, however, that the Renewed Motion to Strike Jury Trial Prayer simply incorporates by reference the relevant portion of Plaintiff's summary judgment motion. As a result, what looks like three motions is essentially nothing more than two, one of which was filed before discovery while the other was filed after discovery. In light of the specific factual disputes that were involved with Defendant's demand for a jury trial, moreover, this Court finds that the motions filed by Plaintiff were reasonable.[10] Finally, Defendant's requests that this Court apply a fixed percentage or proportionality to the requested fees and costs are based on legal principles that do not apply here.[11]

In sum, this Court finds that the attorneys' fees and litigation expenses sought by Plaintiff are reasonable and should be recovered pursuant to the Guaranty. In addition, this Court rejects

---

[10] This Court notes that it was prepared to grant Plaintiff's motion for judgment as a matter of law at the close of all the evidence. Plaintiff pointed out that Defendant failed to present any evidence at trial to support a crucial element of its "mere misnomer" defense. *See* Mem. Opinion, 3/27/06 at pp. 11-15 (discussing the mere misnomer defense); Mem. Opinion, 8/10/06 at pp. 7-8 (same). As a result, Plaintiff argued that it was entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 50. After hearing from Defendant, this Court noted that although it was in agreement with Plaintiff, it would submit the matter to the Jury and leave open the possibility of revisiting the issue of liability pursuant to Fed. R. Civ. P. 50(b)(1)(C). That Rule provides that "[i]n ruling on a renewed motion, the court may: . . . if a verdict was returned . . . direct entry of judgment as a matter of law." *Id.*.

[11] The cases cited by Defendant concern actions brought pursuant to 42 U.S.C. § 1983, and specifically address when plaintiffs in such actions may recover attorneys' fees pursuant to 42 U.S.C. § 1988. *See Hensley v. Eckerhart*, 461 U.S. 424, 433-38 (1963) (discussing standard for obtaining attorneys' fees under § 1988); *Jackson v. McKoy*, 809 F.2d 785 (4th Cir. 1987) (unpublished table decision) (entitlement to reasonable attorneys' fees under § 1988 is determined in part by a comparative assessment that evaluates the amount of monetary damages and the nature of other relief obtained against the scope of the litigation and the amount of relief requested); *Ganey v. Edwards*, 759 F.2d 337, 339-40 (4th Cir. 1985) (finding that a plaintiff who prevails on a § 1983 claim must not always be awarded nominal damages of $1.00 as a matter of law), *overruled by Farrar v. Hobby*, 506 U.S. 103 (1992) (addressing attorneys' fees in the context of a § 1983 action).

the various objections to the amount of fees and costs requested by Plaintiff.  Accordingly, this Court will award Plaintiff reasonable attorneys' fees and litigation expenses in the amount of $314,856.00, of which $284,008.27 represents attorneys' fees and $30,847.73 represents litigation expenses.

**III.    Damages.**

On September 15, 2006, the Jury in this matter determined that Plaintiff was entitled to recovery compensatory damages with respect to its cause of action for breach of contract in the amount of $184,446.81.  (*See* Paper No. 110.)  In its pending motion for Determination of Damages and Entry of Judgment, Plaintiff maintains that damages are "for the Court not the Jury to determine."[12]  (Pl.'s Mem. p. 2.)  This Court has previously ruled, however, that Count I of Plaintiff's Complaint would be submitted to the Jury.[13]  Furthermore, this Court, having heard and evaluated the evidence presented at trial, concurs with the Jury's determination of damages and will not revise it.

In his closing argument to the Jury, Plaintiff's counsel summarized the two categories of damages sought.  First, Plaintiff requested that the Jury award $196,894.59 in loss of rent for the

---

[12]    As acknowledged during the teleconference conducted by this Court on September 19, 2006, this motion cannot be brought under Rule 50(b) or 59(e) of the Federal Rules of Civil Procedure because judgment has not yet been entered in this matter.  *See* Fed. R. Civ. P. 50(b) ("The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days *after entry of judgment* — and may alternatively request a new trial or join a motion for a new trial under Rule 59.") (emphasis added); Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days *after entry of the judgment*.") (emphasis added); *see also* Fed. R. Civ. P. 6(b) (depriving district courts from "extend[ing] the time for taking any action under Rules 50(b) and . . . 59(e). . . .").

[13]    *See* Mem. Opinion, 2/11/05 (denying Plaintiff's motion to strike Defendant's demand for a jury trial); Order, 4/26/05 (denying Plaintiff's renewed motion to strike Defendant's demand for a jury trial); Mem. Opinion, 3/27/06 at pp. 25-26 (same).

15 month period of September 21, 2003 through December 31, 2004.  Second, Plaintiff's counsel argued for an additional $228,054.56 in losses allegedly resulting from future tenant departures.  Accordingly, Plaintiff's counsel argued for total damages of $424,899.15 (this figure is slightly higher than the $412,501.37 sought in the pending motion[14]).

It is clear from the Jury verdict that this second figure of $228,054.56 was rejected by the Jury and that the compensatory damages figure of $196,894.59 was reduced by $12,447.78, which was the amount of the security deposit paid by Defendant to Plaintiff.  Indeed, in its memorandum in support of its pending motion, Plaintiff acknowledges that the Jury verdict of $184,446.81 results from this mathematical subtraction.  (*See* Pl.'s Mem. p. 5 n.5.)  This Court concurs with the Jury's rejection of the $228,054.56 figure.  Indeed, the evidence presented at trial that certain tenants would not renew leases was mere speculation.  Furthermore, this figure includes an assumption of $30,000 in future broker's fees that was not adequately supported at trial.  Accordingly, this Court will not revise the Jury verdict and would have in fact reached the exact same conclusion with respect to this speculative aspect of damages.  Furthermore, this Court concurs that the damages figure of $196,894.59 for the no-rent value of the 15 month period in question should have been reduced by the $12,447.78 security deposit.  Accordingly, the damages sum of $184,446.81 is precisely the damage figure that would be found by this Court.

In sum, this Court will not disturb the Jury's determination that, with respect to its cause

---

[14]    Plaintiff initially requested $412,471.37 in damages arising out of its breach of contract claim.  (*See* Pl.'s Mem. p. 3.)  However, Plaintiff acknowledged a subtraction error in its reply brief and explained that it intended to request compensatory damages in the amount of $412,501.37.  (*See* Pl.'s Reply p. 6 n.7.)

of action for breach of contract, Plaintiff is entitled to compensatory damages in the amount of $184,446.81.  The verdict of the Jury is binding and is AFFIRMED.  Moreover, if the question of damages were properly before this Court, this Court would independently conclude that Plaintiff is entitled to compensatory damages in the amount of $184,446.81.

**IV.     Other Requests.**

Plaintiff's unopposed motion to dismiss Court Two of the Complaint as moot and withdrawn pursuant to Fed. R. Civ. P. 41(a)(2) is GRANTED.  In addition, this Court will embody its judgment in a separate document as required by Fed. R. Civ. P. 58 and direct the Clerk of this Court to enter that judgment in the Court's docket entries for this case pursuant to Fed. R. Civ. P. 79.

## CONCLUSION

For reasons stated above, Plaintiff's Motion for Determination of Damages and Entry of Judgment is GRANTED-IN-PART and DENIED-IN-PART.  As a result, judgment will be entered in Plaintiff's favor in the amount of $499,302.81, of which $184,446.81 is awarded as damages arising out of Plaintiff's breach of contract claim and $314,856.00 is awarded as reasonable attorneys' fees and costs.  A separate Order follows.

Dated: October 30, 2006                              /s/
                                                     Richard D. Bennett
                                                     United States District Judge